UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNNY LONG,

    Plaintiff,

v.                                  Case No. 8:06-CV-00842-T-17-MAP

COUNTRYSIDE POINT, INC.,

    Defendant.
_____/

### ORDER DENYING MOTION TO TOLL AND ABATE PROCEEDINGS PENDING REMEDIATION, GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS, AND DENYING MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant's Motion to Toll and Abate Proceedings Pending Remediation, filed on May 26, 2006, (Dkt. 5), and Plaintiff's Response to Motion to Toll Proceedings, filed on June 12, 2006, (Dkt. 8). The Court also has before it Plaintiff's Motion for Judgment on the Pleadings, filed on June 12, 2006, (Dkt. 9), and Defendant's Response to Motion for Judgment on the Pleadings along with its Motion to Dismiss, filed on June 22, 2006, (Dkt. 10). After considering the motions and responses thereto, this Court DENIES the motion to toll and abate proceedings, GRANTS the motion for judgment on the pleadings, and DENIES the motion to dismiss.

### I.    Factual and Procedural Background

Plaintiff, Johnny Long, ("Mr. Long"), a disabled person acting as a tester, brought an action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, alleging discrimination against Defendant, Countryside Point, Inc., ("Countryside"), the owner or operator of the Investco Bank Building in Clearwater, Florida. Mr. Long claims that Countryside's property is not accessible to persons with disabilities and is in violation of various sections of the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36.

As a tester, Mr. Long prodigiously seeks out discrimination against the disabled in public accommodations by locating targets—properties not in compliance with the statute—and

proceeding with legal action against owners of such deficient properties. Mr. Long has purportedly been involved in over 200 such discrimination suits.

Mr. Long seeks an injunction to prevent Countryside's continued discriminatory practices, an order to remove the illegal barriers to access existent at Countryside's property, an order closing the property down until the barriers are removed and the statute is complied with, and an award of reasonable attorneys fees, costs, and expenses. The property houses a bank, a law firm, and a court reporter's office.

Countryside admits that the building is not in full compliance with the statutory requirements, and claims that the property's minor access deficiencies are in the process of being corrected through Countryside's commissioning of a qualified expert and procuring of an inspection. Countryside opposes an injunction closing the property, and, via a motion to stay proceedings pending remediation, has indicated it requires at least 120 days for full compliance and is opposed to Mr. Long's unnecessary buildup of attorneys fees.

Mr. Long opposes the motion to stay and moves for judgment on the pleadings. Countryside stipulates to an entry of judgment with the condition that the Court simultaneously dismiss the action so that Mr. Long cannot participate in the remediation and cannot continue to incur attorneys fees.

## II.   Motion to Stay Proceedings

A district court in its discretion has the inherent power to stay proceedings in order to control disposition of causes of action and does so by weighing the competing interests of the parties and the Court. *Landis v. North American Co.*, 299 U.S. 248, at 254-255, (1936).

Here, however, it is not necessary for the Court to consider Countryside's motion to stay proceedings due to the Court's granting of Mr. Long's motion for judgment herewith. Therefore, Countryside's motion to stay proceedings is DENIED as moot.

## III.   Motion for Judgment on the Pleadings

When matters outside the pleadings are considered by the court upon a motion for judgment on the pleadings, the motion shall be treated as one for summary judgment. Fed. R. Civ. P. 12(c).

In the matter before the Court, Mr. Long has moved for judgment on the pleadings while correspondingly moving in opposition to Countryside's motion to stay proceedings. In his motion for judgment, Mr. Long cites to Countryside's Motion to Toll and Abate Proceedings in

support of his allegation that Countryside's property is not in compliance with the statutory requirements. The Court has, thus, considered pleadings and motions in its decision to grant summary judgment to Mr. Long, and, therefore, proceeds under Rule 56.

Where a movant is entitled to a judgment as a matter of law and there are no genuine issues as to any material fact, judgment shall be rendered without delay. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Here, Countryside has agreed to summary judgment and has admitted that its property, a place of public accommodation, is not in full compliance with the statutory provisions of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, and the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36. Therefore, Mr. Long's motion for judgment on the pleadings is GRANTED, and judgment is entered in favor of Mr. Long and against Countryside.

### IV.   Motion to Dismiss

Under Fed. R. Civ. P. 41(a)(2), an action cannot be dismissed without prejudice after judgment without the consent of the parties. *Western Union Telegraph Co. v. Dismang*, 106 F.2d 362, 364 (10th Cir. 1939); *see also* 35B C.J.S. Federal Civil Procedure § 751 (2006) (available in Westlaw at CJS FEDCIVPROC 751). In fact, the basic purpose of Rule 41(a)(2) is to allow the *plaintiff* to dismiss an action as long as another party will not be prejudiced. *Versa Products, Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004) (*emphasis added*).

In this matter, the defendant, Countryside, in its response to Mr. Long's motion for judgment on the pleadings, does not oppose an entry of judgment, but, concurrently with its response, has moved for dismissal of the action without prejudice as a contingency upon which it agrees to a judgment. However, since it is the defendant moving for dismissal, and, since there is no consent to such dismissal forthcoming from Mr. Long, as the plaintiff, the action shall not be dismissed.

### V.   Conclusion

**ORDERED** that Defendant's Motion to Toll and Abate Proceedings Pending Remediation, dated May 26, 2006, (Dkt. 5), be **DENIED**, that Plaintiff's Motion for Judgment on the Pleadings (considered herein as a motion for summary judgment), filed June 22, 2006, (Dkt. 10), be **GRANTED**, and that Defendant's Motion to Dismiss be **DENIED**. The Clerk of Court shall enter judgment for the Plaintiff in accordance with this Order and close this file. The

Court shall retain jurisdiction in order to monitor Countryside's compliance with statutory requirements and impose sanctions if such compliance is not realized. Further, it is

**ORDERED** that Countryside shall have 120 days from the date of this Order in order to comply with the statutory requirements of 42 U.S.C. § 12181, et seq., as promulgated in 28 C.F.R. Part 36, that at such time Countryside shall submit to the Court in writing an affidavit stating that it has complied with the statute along with a final remediation report and affidavit from a qualified expert to affirm such compliance; or, if such compliance is not forthcoming, Countryside shall submit to the Court in writing an affirmation of its intention to hasten its compliance with the statutory requirements along with its implementation plan and schedule for which the Court in its discretion may grant an additional 120 days if it sees fit to do so in order for Countryside to complete its remediation. It is further

**ORDERED** that, Mr. Long shall hereby cease participation in the compliance process, and, that, as of the date of this Order, Mr. Long shall cease to incur attorneys fees, costs, or expenses in relation to this case with the exception of the costs to prepare an appropriate motion for such attorneys fees, costs, and expenses. The parties shall attempt to resolve the attorney fee issue. If the parties cannot resolve the issue within twenty (20) days of this Order, the Plaintiff may file any appropriate motion with the Court.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 6th day of July 2006.

ELIZABETH KOVACHEVICH
United States District Judge

Copies to: All parties and counsel of record.