UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHNNY LONG,**

    **Plaintiff,**

        v.                                      Case No. 8:06-CV-842-T-17

**COUNTRYSIDE POINT, INC.,**

    **Defendant.**

_____/

### ORDER ON MOTION TO DISMISS

This cause comes before this Court on Defendant's Motion to Dismiss (Dkt. 15-16) filed August 29, 2006 and response thereto (Dkt. 19). For the reasons set forth, Defendant's Motion to Dismiss is **DENIED**.

### BACKGROUND

The facts are accepted as true for the purposes of resolving the pending motion only. Plaintiff, John Long, a disabled person acting as a tester, brought an action pursuant to the Americans with Disabilities Act. 42 U.S.C. §12181 *et seq.,* alleging discrimination against Defendant, Countryside Point, Inc, the owner or operator of the Investco Bank Building in Clearwater, Florida. Plaintiff claims that Defendant's property is not accessible to persons with disabilities and is in violation of various sections of the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36. Defendant admitted that the building is not in full compliance with the statutory requirements and claims that the property's minor access

deficiencies are in the process of being corrected through Defendant's commissioning of a qualified expert and procuring of an inspection. Defendant stipulated to an entry of judgment with the condition that the Court simultaneously dismiss the action so that Plaintiff cannot participate in the remediation and continue to incur attorneys fees. The Court granted an entry of judgment against Defendant and the time to appeal the decision has expired.

### DISCUSSION

The issue on this motion is whether an ADA action should be abated if the plaintiff dies after an entry of a final judgment. Florida District Courts have held that a civil action is "not abated by the death of a party after the cause has been merged in a final judgment." *Variety Children's Hospital, Inc. v. Perkins,* 382 So.2d 331,335 (Fla. 3d DCA 1980) (explaining the action did not abate because the final judgment was made prior to the Plaintiff's death); *Kaufman v. Herman,* 748 So.2d 310, 311 (Fla. 4d DCA 1999). A final judgment is the end of litigation, in which the relief sought by one party becomes the liability of another party. *Id.* Therefore, "death does not effect an extinguishment of a judgment of liability onto another party even when a party dies while an appeal is pending, while post-trial motions remain undisposed of, and even during the period between the return of a verdict and the entry of a judgment."[1] *Id*; *Reed v. United States,* 891 F.2d 878, 881 (11th Cir.1990). As a result, it is clear that subsequent circumstances after a judgment cannot force abatement or make a judgment invalid. *Variety Children's Hospital, Inc.,* 382 So.2d at 338. *Constance v. Constance*, 366 So.2d 804 (Fla.3d DCA 1979).

---

[1] Florida cases discussing that an appeal can be considered a continuation of the proceedings or pending relate to criminal case *Smith v. State*, 192 So.2d 346 (Fla.2d DCA 1966); *Coleman v. State*, 215 So.2d 96 (Fla.4th DCA 1968). Other Circuits have followed a similar opinion in criminal cases. *United States v. Lay*, 2006 U.S. Dist. LEXIS 75193, **15-16 (explaining abatement applies because Mr. Lay died before judgment).

In this case, the Court has entered a final judgment in favor of the Plaintiff's ADA claim. The subsequent circumstance of the Plaintiff's death does not force abatement or invalidate the judgment. Moreover, even a pending appeal would not extinguish the judgment of liability. Therefore, the Defendant must comply with the Court's entry of judgment. Accordingly, it is

**ORDERED** that the Defendant's Motion to Dismiss (Dkt. 15-16) be **DENIED** and the Defendant shall have ten (10) days from this date to respond to plaintiff's motion for fees and costs.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 31st day of October 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies:  All parties and counsel of record