UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNNY LONG,
    Plaintiff,

vs.                                                      CASE NO: 8:06-CV-00842-T-17-MAP

COUNTRYSIDE POINT, INC.,
    Defendant.
_____/

**ORDER ON PLAINTIFF'S APPLICATION FOR
ATTORNEYS' AND EXPERT'S FEES**

This cause comes before the Court on the Plaintiff's Application for Attorney's Fees, Expert's Fees and Costs (Doc. No 13). Defendant opposes this motion (Doc. No.21).

This case involves a suit under Title III of the Americans with Disabilities Act against the owner, lessor, lessee, or operator of property located in Clearwater, Florida. The parties in the submission agree that the Plaintiff is entitled to attorney's fees, expert fees, and costs; however, they cannot agree as to the appropriate amount. In his motion, Plaintiff requests the following award: $2,675.00 in attorneys' fees, $2,220.00 in expert fees, and $396.25 in costs. Accordingly, the Court will address each component of the requested award.

**I. Attorney's Fees**

In order to determine the appropriate amount for an award of attorney's fees, the Court must determine the reasonable hourly rate and the reasonable number of hours spent working on the case. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1229 (11th Cir. 1988)(citation omitted). "The general rule is that the 'relevant market' for the purposes of determining the reasonable hourly rate for an attorney's services is the 'place where the case is filed'" ACLU of Georgia v. Barnes, 168 F.3d 423 (11th Cir. 1999)(quoting Cullens v. Dep't of Transportation, 29 F.3d 1489, 1494 911th Cir. 1994)). "If a fee applicant desires to recover nonlocal rates…he must show a lack of attorneys practicing in the [the place that the case was filed] who are willing and able to handle his claims." Id. (citations omitted).

1

"The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." Norman, 836 F.2d at 1299 (citation omitted). "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." Id. (citation omitted). Instead, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." Id. Additionally a district court is entitled to "consider its own knowledge and experience concerning reasonable and proper fees and may form and independent judgment … as to value." Id. at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

Plaintiff requests an award of $2,675.00 based on a rate of $250.00 per hour. The Defendant does not argue that that the hourly rate charged is unreasonable but rather that the number of hours spent working on this case is unreasonable given that the Defendant conceded that its property was not in compliance with the ADA and took actions to comply with recommendations made by their own expert. The Defendant complains that a portion of the 10.7 hours of attorney time was unnecessary and implies that some of this time was spent after the time the Defendant agreed to comply.  Yet, the Defendant has conceded that the total hours spent by the attorney were not excessive and has not indicated any specific line in the Plaintiff's Statement of Fees which they claim to be duplicative or excessive.

This case was filed on May 4, 2006. Lawyer for the Plaintiff, Todd Shulby billed for reviewing the expert's report, drafting correspondence to the expert, research of the property ownership and corporate records, drafting of the complaint and correspondence with the client. In addition, the Plaintiff billed for the amount of time spent in drafting the Motion for Judgment on the Pleadings, research and response to the motion to toll the proceedings. This Court finds that none of this time was excessive. The Court finds that the cost per hour and the amount of time spent are reasonable and as such awards the plaintiffs $2675.00 in attorney's fees.

**II. Costs**

The Plaintiff requests and award of $396.25 in costs. The Defendant objects only to the $.25 per page for photocopies. This represents only a total of $11.25 of the total cost. The Court finds that these costs are reasonable. As such, the Court awards the Plaintiff $396.25 in costs.

**III. Expert Witness Fees**

The Plaintiff requests an award of $2,220.00 based on twelve hours of work at a rate of $185.00 per hour. The Defendant points out that the Expert's Invoice contains no dates

2

indicating when the work was performed but cannot show that the work being shown was not actually performed. Presumably the inspection, photographs taken and report generated were sufficient to trigger the initial complaint and subsequent remedial measures taken by the Defendant.

The Plaintiff's expert, Accessibility Disability Consultants, has been used in other Title III cases before this Court and the amount of time charged for in the instant case is in line with similar work they have done in the past. This Court finds that the amount of time spent was reasonable.  As such this Court finds that the amount charged is reasonable and finds that Plaintiffs should be awarded $2220.00 in expert fees (12 hours x $185.00/hr).  Accordingly, it is

**ORDERED AND ADJUGED** that Plaintiffs' Application for Attorney's Fees, Expert Fees, and Costs (Doc. No. 13) be **GRANTED** to the extent that Plaintiffs are awarded attorney's fees, expert fees, and costs, as follows:

- (a) Defendant shall pay Todd. W. Shulby, P.A. $2675.00 in attorney's fees and $396.25 in costs;
- (b) Defendant shall pay Accessibility Disability Consultants, Inc. $2,220.00 in expert fees.

**DONE and ORDERED** in Chambers, Tampa, Florida, this 8th day of February, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and Counsel of Record